UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLICKSTEIN,

                Plaintiff,

                -against-

GIDEON PFEFFER; GSH GROUP,

                Defendants.

20-CV-4930 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, alleging that Defendants owe him a substantial sum of money for intellectual property. By order dated August 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Michael Glickstein, a New York resident, brings this complaint against Gideon Pfeffer and GSH Group, residents of Massachusetts. Plaintiff provides only two incomplete statements as the facts giving rise to his claims. The first statement consists of the following:

> I believe providing Mr. Glickstein's investment background is a key fact supporting the case re why substantial money is owed here by Mr. Pfeffer and his firm, The GSH Group, since they successfully took very profitable actions following reviewing G Asset Management's Private placement memorandum on the real estate opportunity pre-recovery, with the specific multifamily focus of his firm, without compensating Mr. Glickstein or his firm, while not previously focusing on [sic].

(ECF No. 2, at 5.) Plaintiff continues with this second statement:

> Now that we are done with Mr. Glickstein's extensive investment background which needs to be appropriately monetized here given the wrongs done by the GSH Group and Gideon Pfeffer, who was a business contact since 2009, I believe, who has to choose to make it right. It brings us to late 2015, when Mr. Glickstein realized that Pfeffer and his company had wronged him substantially and wrote the following message to Mr. Pfeffer [sic].

(*Id*. at 6.)

With respect to the relief he seeks, Plaintiff writes the following:

> We (my company) G Asset Management and I, Michael Glickstein, would like money damages of $50,000,000. To arrive at our money damages we would like

2

>    the court to order, we note Gideon Pfeffer and The GSH Group previously to knowing my firm's investment thesis was not focused on multifamily and it is now a substantial real estate sector for it. We then assume that we would have had an institutional partnership with Pfeffer on our real estate fund or real estate investing in multifamily specifically, we do other sectors as well, but we are trying to be conservative and credible with what we ask for, so we assume only half of the traditional 20% of profits go to my firm, G Asset Management and half of the other fees generated by Gideon's multifamily real estate activity from 2010-2020. We urge you to make this right and compensate me and my company.

(*Id*. ¶IV.)

## DISCUSSION

**A.    Frivolous Claims**

Plaintiff invokes the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that there is diversity of citizenship, and that the amount in controversy exceeds $75,000. But he fails to allege facts in the complaint suggesting that he is entitled to relief. The complaint contains only vague and conclusory assertions that Defendants owe Plaintiff money to compensate for a "[p]rivate placement memorandum on [a] real estate opportunity." (ECF No. 2, at 2.) Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in law or in fact. *See Neitzke*, 490 U.S. at 324-25; *see also Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court, therefore, dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### LITIGATION HISTORY

Between May 18, 2020, and June 26, 2020, Plaintiff filed seven other *pro se* cases in this District in which he asserts similar claims against other defendants. Most have been dismissed for lack of subject matter jurisdiction, but in some he has been granted leave to replead. *See Glickstein v. Klein*, ECF 1:20-CV-4934, 5 (S.D.N.Y. Aug. 5, 2020) (dismissed for lack of subject matter jurisdiction); *Glickstein v. Pensam Capital*, ECF 1:20-CV-4932, 5 (S.D.N.Y. Aug. 10, 2020) (dismissed for lack of subject matter jurisdiction with leave to replead); *Glickstein v. Lesser*, ECF 1:20-CV-4233, 5 (S.D.N.Y. Sept. 8, 2020) (dismissed for lack of subject matter jurisdiction with leave to replead) ; *Glickstein v. Johnson*, ECF 1:20-CV-4161, 5 (S.D.N.Y. Aug. 11, 2020) (dismissed for lack of subject matter jurisdiction with leave to replead); *Glickstein v. Nadler*, ECF 1:20-CV-4058, 5 (S.D.N.Y. June 30, 2020) (dismissed for lack of subject matter jurisdiction with leave to replead); *Glickstein v. Bulsara*, ECF 1:20-CV-3897, 5 (S.D.N.Y. Aug. 6, 2020) (dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted); *Glickstein v. AB InBev*, ECF 1:20-CV-3845, 2 (LLS) (S.D.N.Y. June 25, 2020) (dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted).

Plaintiff is warned that the further filing of vexatious or frivolous litigation in which he fails to allege facts showing that he is entitled to relief or that the Court has jurisdiction may

result in an order pursuant to 28 U.S.C. § 1651(a) barring him from filing new actions without prior permission in this Court. This warning is necessary, in light of Plaintiff's numerous filings in a short period of time, to conserve this Court's judicial resources. *See generally, In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters are terminated.

SO ORDERED.

Dated: September 23, 2020
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.